WO                                                                                                          MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Angel Jauregui-Garcia,<br><br>            Petitioner,<br><br>v.<br><br>William Barr, et al.,<br><br>           Respondents. | No.  CV-20-00876-PHX-JAT (JFM)<br><br>**ORDER** |

Petitioner Ramon Angel Jauregui-Garcia (A# 215-881-425) has filed, through counsel, an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 38) and a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 39).  This action will be dismissed as moot.

**I.     Background**

Petitioner is a native and citizen of Mexico.  He entered the United States without inspection in 2000, and in January 2019, he was taken into the custody by the United States Department of Homeland Security and referred for removal proceedings.  (Doc. 29-2 at 3-4.)  Petitioner was subsequently detained in the CoreCivic La Palma Correctional Center ("LPCC") in Eloy, Arizona.  Petitioner sought a redetermination of his custody status, and following a hearing on June 17, 2019, an immigration judge denied his request for release from custody, finding that he posed a danger to the community.  (*Id.* at 19-21.)

On June 27, 2019, an immigration judge ordered Petitioner removed from the

United States and denied his application for relief from removal. (*Id.* at 4.)[1] Petitioner appealed the decision to the Board of Immigration Appeals, and then to the Ninth Circuit Court of Appeals, which remains pending. *See Jauregui-Garcia v. Barr*, No. 19-73243 (9th Cir. Dec. 19, 2019).

Petitioner, through counsel, filed a motion with the Ninth Circuit seeking his release from custody due to risks associated with the spread of COVID-19 in his detention facility. The Ninth Circuit construed the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and transferred the matter to this Court. (Docs. 28-31.) Following transfer, Petitioner filed the instant Amended Petition and Motion for Temporary Restraining Order and Preliminary Injunction.

Petitioner subsequently filed a motion for a redetermination of his custody status with the immigration court, "arguing that the government could not show by clear and convincing evidence that he was a danger or flight risk such that his continued detention was justified." (Doc. 47.) Following a hearing, an immigration judge granted Petitioner's request for release on bond, and on August 8, 2020, Petitioner's appellate counsel filed a "Notice of Release from ICE Custody" with the Ninth Circuit Court of Appeals. *Jauregui-Garcia v. Barr*, No. 19-73243, Doc. 36 (9th Cir. Aug. 8, 2020). This Court then ordered Petitioner to show cause why this action should not be dismissed as moot. (Doc. 46.)

**II.    Amended Petition**

In his Amended Petition, Petitioner claims that his continued detention violates the Due Process Clause of the Fifth Amendment on three grounds. In Ground One, Petitioner claims Respondents have affirmatively placed Petitioner in danger by detaining him in conditions that risk his exposure to COVID-19 and have acted with deliberate indifference to that known and obvious danger. In Ground Two, Petitioner claims that Respondents, who have a "special relationship" with Petitioner that requires Respondents to provide him with reasonable medical care and safety, have detained Petitioner in conditions that put

---

[1] Executive Office for Immigration Review Automated Case Information System, https://portal.eoir.justice.gov/InfoSystem/CourtInfo.

him at substantial risk of exposure to COVID-19 and of suffering serious harm. In Ground Three, Petitioner claims that the conditions under which he is detained amount to punishment.

Petitioner asks the Court to: (1) issue a writ of habeas corpus ordering his immediate release from detention or, in the alternative, issue an injunction enjoining Respondents from detaining him; (2) declare that his continued detention violates the Due Process Clause of the Fifth Amendment; (3) grant any other and further relief that the Court deems just and proper.

### III. Discussion

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies,' and 'Article III standing . . . enforces the Constitution's case-or-controversy requirement.'" *Hein v. Freedom from Religion Found, Inc.*, 551 U.S. 587, 597-98 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 589 (2006)). A party invoking federal jurisdiction bears the burden of demonstrating, at all stages of litigation, standing for each claim alleged and for each form of relief sought. *Davis v. FEC*, 554 U.S. 724, 734 (2008); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

"To establish Article III standing, [the party] must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (quoting *Lujan*, 504 U.S. at 560-61) (internal bracket omitted). "An injury sufficient to satisfy Article III must be 'concrete and particularized' and 'actual or imminent,' not 'conjectural' or 'hypothetical.'" *Id.* "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Id.* at 158 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013)). Likewise, to demonstrate redressability, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a

favorable decision." *Lujan*, 504 U.S. at 561.

Petitioner lacks standing to challenge his detention and seek habeas corpus relief. Petitioner is no longer detained in LPCC and has been released through a process unrelated to this case. He has not shown that there is a reasonable expectation that if Respondents were to take him into custody again, they would detain him in LPCC, or that they would do so while the alleged unconstitutional conditions in LPCC persist. Therefore, there is not a substantial risk that the harm alleged in the Amended Petition will occur, nor can the Court provide Petitioner with the relief requested—his release from LPCC. *See Campbell-Ewald Co.*, 577 U.S. ___, 136 S. Ct. 663, 669 (2016); *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot . . . because he no longer is subjected to the allegedly unconstitutional policies." (quotations and brackets omitted)); *cf. Basank v. Decker*, 20 Civ. 2518, 2020 WL 1953847, at *4 (S.D.N.Y. Apr. 23, 2020) ("a live case or controversy exists as to the remaining Petitioners . . . But for the Court's order restraining Respondents from rearresting Petitioners, Respondents would presumably seek to detain Petitioners anew."). Should Respondents again detain Petitioner before the threat of exposure and infection has passed, he is not precluded from filing a new habeas corpus petition based on the conditions that exist in his detention facility at that time. Accordingly, this action will be dismissed as moot. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013).

**IT IS ORDERED:**

(1) Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 38) is **denied** and this action is **dismissed without prejudice**.

(2) Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 39) is **denied as moot**.

. . . .

. . . .

(3) The Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 9th day of September, 2020.

*James A. Teilborg*
Senior United States District Judge